# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

Four Winds Behavioral Health, Inc.,

    Plaintiff,

v.                                                                         Civ. No. 18-246 JCH-SCY

New Mexico Department of Health, et al.,

    Defendants.

## ORDER GRANTING STAY OF DISCOVERY

    **THIS MATTER** is before the Court on Defendants Wayne Lindstrom, Nancy Smith-Leslie, Brent Earnest, and Human Services Department's Opposed Motion To Stay Proceedings (Doc. 67). Plaintiffs filed a response on May 29, 2019. Doc. 69. Having reviewed the motion, the relevant law, and being otherwise fully advised, the Court finds that the motion to stay this action is well taken and is **GRANTED**.

    This matter was filed in March 14, 2018. Doc. 1. The operative complaint is the "Superseding Complaint," filed September 13, 2018. Doc. 32. In this complaint, Plaintiff challenges reimbursement rates set by the New Mexico Human Services Department ("HSD") for some of the mental health services that Plaintiff provides. HSD sent the clinic a letter setting forth its opinion that Plaintiff was overbilling for its services, and suggested Plaintiff re-contract with providers for the correct rates in the future. Doc. 32-6. All defendants have moved to dismiss, asserting sovereign immunity, qualified immunity, and failure to state a claim. Doc. 46.

    Plaintiff filed a response to Defendants' motion to dismiss and requested oral argument on the motion. Docs. 53 & 56. On February 15, 2019, Judge Herrera denied the request for oral argument and ordered that "The Motion to Dismiss will be decided by the Court on the filed briefs." Doc. 59. Since the filing of that order, Plaintiff has filed: (1) "Opposed Response To

Minute Order And Incorporated Request For Limited Stay Pending Full Disclosure In The Matter Of Four Winds Behavioral Health v. Sonny Perdue In The District Of Columbia," on February 27, 2019 (Doc. 60); (2) "Reply To Defendants' Response To Plaintiff's Request For Stay," filed March 26, 2019 (Doc. 62); (3) "Motion For Rule 57 Hearing With A Jury Designating Magistrate-Judge Steven C. Yarbrough to conduct hearing pursuant to 28 U.S.C. § 636(b)(l)(B) and § 636(b)(3)," on March 31, 2019 (Doc. 63); (4) "Motion To Appoint Magistrate-Judge To Preside Over Rule 57 Hearing By Jury," filed May 9, 2019 (Doc. 65); and (5) "Supplement Regarding Plaintiff's Motion For A Rule 57 Hearing And Enhanced Request For Oral Argument," filed May 14, 2019 (Doc. 66). Defendants have responded to these pleadings. Docs. 61, 64, & 68.

On May 23, 2019, Defendants filed the present motion to stay this case in response to Plaintiff's "numerous motions and other documents in an attempt to circumvent Fed. R. Civ. P. 12 and avoid dismissal by any means." Doc. 67 at 2. Defendants assert that they "continue to incur attorney's fees and costs in addressing these meritless motions." *Id.* at 2-3. Defendants argue that because the bases for their motion to dismiss included the defenses of absolute and qualified immunity, they "are entitled to a complete stay of proceedings, including discovery." *Id.* at 3.

Defendants are correct that they have asserted the defenses of absolute and qualified immunity. Doc. 46 at 4-8. "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). It is a broad doctrine, protecting officials not only from standing trial, but from bearing the burdens attendant to litigation, including pretrial

discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until th[e] threshold immunity question is resolved, discovery should not be allowed."). As a consequence, in the Tenth Circuit, when defendants file a dispositive motion based on qualified immunity, they are entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992). The timing of this motion is inconsequential; defendants do not waive their right qualified immunity, i.e. their right to be free from suit, by failing to assert it at the earliest possible time. *See MacArthur v. San Juan Cnty.*, 495 F.3d 1157, 1162 (10th Cir. 2007) ("We have consistently held, however, that "qualified immunity can be raised at any time. . .").

Further, the protection afforded by the discovery stay to one defendant extends to all defendants. In *Iqbal*, the Supreme Court specifically addressed whether discovery for a defendant asserting qualified immunity can be deferred while pretrial proceedings continued for other defendants. The Supreme Court reasoned:

> It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

556 U.S. at 685. The Court agrees with Defendants that this reasoning applies to their request for a stay of the entire case, including motions practice. In *Iqbal*, the Court explained that "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation . . . ." *Id.* "If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should

3

proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government." *Id.*

In Plaintiff's response to the present motion, he does not address Defendants' arguments in support of a stay, but only re-asserts his request for oral argument before Judge Herrera. Doc. 69 at 1-2. Judge Herrera has already ruled on and denied this request. Doc. 59. Plaintiff's response, in other words, is essentially a motion to reconsider that order. That does not present any basis to deny the stay to which Defendants are entitled upon raising immunity defenses.

Because the defenses of absolute and qualified immunity have been asserted, the Court concludes that it is necessary to stay this matter pending resolution of Defendants' motion to dismiss (Doc. 46). While the stay is in place, Defendants are relieved from the responsibility of responding to Plaintiff's filings absent separate Court order.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE